# UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

AARON SMITH )
_____ )  Case Number: 15-434-SMY
_____ )  (Clerk's Office will provide)
_____ )
_Plaintiff/Petitioner(s)_ )
v. )  ☒ CIVIL RIGHTS COMPLAINT
LT. EOVALDI; )  pursuant to 42 U.S.C. §1983 (State Prisoner)
C/O BENNETT; )  ☐ CIVIL RIGHTS COMPLAINT
C/O MALORY; )  pursuant to 28 U.S.C. §1331 (Federal Prisoner)
SGT. DEBOUT; ET AL )  ☐ CIVIL COMPLAINT
_Defendant/Respondent(s)_ )  pursuant to the Federal Tort Claims Act,
)  28 U.S.C. §§1346, 2671-2680, or other law

## I. JURISDICTION

**Plaintiff:**

A. Plaintiff's mailing address, register number, and present place of confinement.
AARON SMITH
CHESTER MENTAL HEALTH CENTER
P.O. BOX 31
CHESTER, IL 62233

**Defendant #1:**

B. Defendant LT. EOVALDI is employed as
   (a)   (Name of First Defendant)

   LT. (FORMER SGT.)
   (b)   (Position/Title)

   with MENARD CORRECTIONAL CENTER
   (c)   (Employer's Name and Address)

   P.O. BOX 1000, MENARD IL 62259

At the time the claim(s) alleged this complaint arose, was Defendant #1 employed by the state, local, or federal government? ☒ Yes ☐ No

If your answer is YES, briefly explain:

LT EOVALDI WAS EMPLOYED AT THE ABOVE CENTER

(Rev. 7/2010)                                1

**Defendant #2:**

C. Defendant  C/o BENNETT  is employed as
(Name of Second Defendant)

CORRECTIONAL OFFICER
(Position/Title)

with  MENARD C.C.
(Employer's Name and Address)

P.O. Box 1000, Menard IL 62259

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?  ☒ Yes  ☐ No

If you answer is YES, briefly explain:

C/o BENNETT was a CORRECTIONAL OFFICER

**Additional Defendant(s) (if any):**

D. Using the outline set forth above, identify any additional Defendant(s).

#3.) C/o MELLOR of
CORRECTIONAL OFFICER
MENARD C.C.
P.O. Box 1000, Menard IL 62259

#4.) Sgt. BEBOUT
(FORMER C/o)
MENARD C.C.
P.O. Box 1000, Menard IL 62259

(Rev. 7/2010)                                      2

#5.) Sgt. Harris
(Former C/O)
Menard C.C.

6.) Sgt. Mennrich
Sgt.
Menard C.C.

#7.) C/O Negh
C/O
Menard C.C.

#8.) C/O John Doe
C/O
Menard C.C.

#9.) Sgt. Anthony
(Former Intel C/O)
Menard C.C.

10.) C/O Brock
C/O
Menard C.C.

11.) C/O Exston
C/O
Menard C.C.

③

C.) SMITH
   v.
   GRIEVANCE OFFICER HASTINGS

CENTRAL DIST. COURT
DOCKET NUMBER NOT SURE
JUDGE NOT SURE
CIVIL RIGHTS ACTION
DISMISSED

FEB. 2010
MAR. 2010

(5)

## II. PREVIOUS LAWSUITS

A. Have you begun any other lawsuits in state or federal court relating to your imprisonment?  ☒ Yes  ☐ No

B. If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. <u>Failure to comply with this provision may result in summary denial of your complaint</u>.

1. Parties to previous lawsuits:
   Plaintiff(s): SMITH
   
   Defendant(s): QUINTRO

2. Court (if federal court, name of the district; if state court, name of the county): NORTHERN DIST. COURT

3. Docket number: NOT SURE

4. Name of Judge to whom case was assigned: SUSAN E. COX

5. Type of case (for example: Was it a habeas corpus or civil rights action?): CIVIL RIGHTS ACTION

6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?): SETTLED

7. Approximate date of filing lawsuit: Oct. 2006

8. Approximate date of disposition: Jan. 2009



(Rev. 7/2010)

III. **GRIEVANCE PROCEDURE**

    A. Is there a prisoner grievance procedure in the institution? ☒ Yes ☐ No

    B. Did you present the facts relating to your complaint in the prisoner grievance procedure? ☒ Yes ☐ No

    C. If your answer is YES,
        1. What steps did you take?

PLAINTIFF EXHAUSTED ALL AVAILABLE REMEDIES IN GRIEVANCE PROCEDURE

        2. What was the result?

MANY OF HIS GRIEVANCES WAS LOST IN MAILING SYSTEM AND THE ONES THAT MADE IT TO THE COUNSELOR WAS SAID TO BE OUT OF TIMEFRAME.

    D. If your answer is NO, explain why not.

N/A

    E. If there is no prisoner grievance procedure in the institution, did you complain to prison authorities? ☐ Yes ☐ No

    F. If your answer is YES,
        1. What steps did you take?

N/A

        2. What was the result?

    G. If your answer is NO, explain why not.

    H. Attach copies of your request for an administrative remedy and any response you received. If you cannot do so, explain why not:

PLAINTIFF IS CURRENTLY HELD IN MENTAL INSTITUTION AND HAS NO ACCESS TO HIS PROPERTY.

(Rev. 7/2010)

6

IV.  **STATEMENT OF CLAIM**

    A.    State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments of citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

1.) Mr. Smith had a negative outburst on Nov. 13, 2013 of which caused him to be maliciously placed by Lt. Eovaldi and removed from his cell in a sadistic manner by C/O Bennett, C/O Walloef, and Sgt. Bebout.

2.) Mr. Smith was then taken to the North 2 infirmary unit bullpen where he was made to lie on the floor while the above cited defendants violently kick and punch him in the region of his torso for approx. 10 min. Such caused Mr. Smith to defecate upon himself.

3.) After this turn of events Mr. Smith was then inadequately seen by medical and stripped of his garments which revealed the fecal matter on his posterior.

4.) Mr. Smith was also seen by Internal Affairs Officer Sgt. Anthony while devasted with the fecal matter upon him and was not afforded with a proper investigation as to cause

(Rev. 7/2010)      ⑦

5.) After Sgt. Anthony saw Mr. Smith he was put in the bullpen again where Sgt. Bebout punched, kneed and applied pressure points, for approx 5 min until Mr. Smith's Mental Health Specialist Dr. Delong arrived to talk to him.

6.) Ms. Delong was told that Mr. Smith had rubbed the fecal matter upon his own posterior, which was a lie;

7.) Nevertheless she made note of such in his Mental Health Records and then left.

8.) Mr. Smith was then forced to walk backwards in his nude with the fecal matter upon him still down a flight of stairs handcuffed and shackled.

9.) He was forced down the 4th gallery with his face to the level of his knees and his arms twisted upwards til he arrived to N2 4-53.

10.) Mr. Smith was placed in this cell after his mattress was removed and his water was turned off to further elevate his discomfort and not give him an opportunity to washed the feces out of

His eyes of the feces off of his posterior.

11.) Mr. Smith was then not fed for many of days b/f c/o Brock, c/o Elston and other officers.

12.) Mr. Smith remain in this condition until approx. Nov. 21, 2013. Upon this date he was placed on watch b/f Dr. Delong to assist him in being fed and such was done a few times hereafter.

13.) From Nov. 13, 2013 to Feb. 7, 2014 Mr. Smith was not permitted to shower to remove the agents cited in paragraph #10 because Sgt. Harris and his co-worker "John Doe" would not let him do so. Such caused many painful rashes to develop on the surface of plaintiff's skin.

14.) Also during this timeframe Mr. Smith was absent of his personal property due to Sgt. Nennrich and c/o Neghl abuse of authority. This caused Mr. Smith to have no hygienic products, stationery items, or clothing to keep warm throughout the cold winter season while the ⑨ heat was not working.

15.) So for the foregoing reason as are expressed herein these defendants stand in violation of plaintiff's established rights.

## V. REQUEST FOR RELIEF

State exactly what you want this court to do for you. If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255. Copies of these forms are available from the clerk's office.

Mr. Smith request the court to have defendants award him with compensatory damages of $750,000.00 and punitive damages of $500,000.00

## VI. JURY DEMAND (check one box below)

The plaintiff ☒ does ☐ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: May 16, 2014 (date)

Signature of Plaintiff

Street Address: P.O. Box 31, Lehman Rd.

Printed Name: Aaron Smith

City, State, Zip: Chester, IL 62233

Prisoner Register Number: _____

Signature of Attorney (if any)

(Rev. 7/2010)

