IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AARON SMITH,                           )
                                       )
    Plaintiff,                         )
                                       )
v.                                     )     Case No. 3:15-434-RJD
                                       )
LT. EOVALDI, et al.,                   )
                                       )
    Defendants.                        )

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Limited Discovery (Doc. 132) and Supplemental Motion for Limited Discovery (Doc. 133). Plaintiff was granted leave to seek such relief following a status conference held on February 21, 2018. Defendants have not responded to Plaintiff's motions. For the reasons set forth below, Plaintiff's Motions are **GRANTED IN PART AND DENIED IN PART**.

Plaintiff, Aaron Smith, brings this action pursuant to 42 U.S.C. §1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center. Plaintiff is proceeding on the following claims:

    Count One: Bennett, Mallory, Bebout, and Eovaldi engaged in excessive force against Smith before and after moving him out of his cell on November 13, 2013, in violation of the Eighth Amendment.

    Count Three: Bebout engaged in excessive force against Smith a second time during his placement in the infirmary on November 13, 2013, in violation of the Eighth Amendment.

    Count Four: Brock, Easton, Harris, Zeigler, Mennrich, and Negal exposed Smith to inhuman conditions after he was transferred to a cell in the prison, in violation of the Eighth Amendment.

In his motions for limited discovery, Plaintiff asks for the following:

1. Plaintiff's personal property inventory sheets from November 13, 2013 to February 8, 2014.
2. Plaintiff's counselor summary entries and comments entered into the IDOC clinical service department database from November 13, 2013 to January 2, 2015.
3. Mental health notes, crisis evaluation sheets, and crisis watch logs composed by Dana DeLong referencing Plaintiff from November 13, 2013 to November 24, 2014.
4. Plaintiff's medical records illustrating the decontamination process and medical treatment on November 13, 2013.
5. Administrative directives 01.12.112, 05.01.173, 03.02.108, and 01.12.105.
6. 20 Illinois Administrative Code § 501.70 (Use of Chemical Agents in Cells).
7. IDOC rules, regulations, and policies relating to the process and procedure of inventorying an inmate's personal property, including when property is removed from an inmate's cell as a result of a cell extraction.
8. Disciplinary and complaint records on each defendant.
9. IDOC rules, regulations, and policies relating to the process and procedures for employee misconduct.
10. Photographs of the infirmary unit where plaintiff was taken on November 13, 2013.
11. Interrogatory responses setting forth:
    a. The procedure in effect as of November 13, 2013 regarding video footage of cell extractions.
    b. Whether the above-mentioned procedure was followed on November 13, 2013.
    c. The exact location of cameras that were positioned in the NII infirmary unit at Menard.
12. Subpoena for Dana DeLong for testimony at trial.

In his motion, Plaintiff explains that his former counsel failed to conduct any discovery and contends that the above-mentioned discovery is materially relevant and necessary for trial. After carefully reviewing Plaintiff's requests, the Court disagrees. The only relevant discovery Plaintiff seeks is limited to his medical records from November 13, 2013, and Dana DeLong's mental health notes, crisis evaluation sheets, and crisis watch logs from November 13, 2013 to

February 2014. The other information Plaintiff seeks is not relevant to his claims and, therefore, beyond the scope of Federal Rule of Civil Procedure 26(b). Defendants are **ORDERED** to provide these records to Plaintiff by **May 18, 2018**. If Plaintiff seeks to subpoena Dana DeLong for trial, he is **ADVISED** to review Rule 45 of the Federal Rules of Civil Procedure. The Clerk of Court is **DIRECTED** to provide Plaintiff a blank subpoena form. Plaintiff may fill out the form and submit it to the Court for review to ensure compliance with Rule 45.

**IT IS SO ORDERED.**

**DATED: May 4, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**